UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | No. CR-96-2042-LRS<br>CV-99-3007-LRS |
| vs. | ) ) | **ORDER DENYING** |
| BERNARD VINCENT MONTGOMERY, | ) ) | **FED. R. CIV. P. 60(b)(4)**<br>**MOTION** |
| Defendant. | ) ) ) | |

**BEFORE THE COURT** is Defendant's "Motion Pursuant To Federal Rules Of Civil Procedure, Rule 60(b)(4), To Reopen Petition Under 28 U.S.C. §2255" (ECF No. 310).

The court finds this to be a proper Rule 60(b)(4) motion in that it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some [alleged] defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641 (2005). Defendant's motion alleges this court, in considering his initial §2255 motion (ECF No. 218), failed to consider one of the grounds for relief enumerated therein. Therefore, Defendant's Rule 60(b)(4) motion is not a second or successive §2255 motion which would require certification from the Ninth Circuit Court of Appeals before this court could consider it. 28 U.S.C. §2255(h).

Defendant alleges the ground for relief this court failed to address was its failure "to hold a sufficient hearing regarding allegations, by defense counsel, that

**ORDER DENYING FED.**
**R. CIV. P. 60(b)(4) MOTION-         1**

Joanne Blair had not been administered the oath prior to her testimony." Defendant made this same argument in his "Motion For Recall Of Judgment" (ECF No. 239), filed on September 8, 2000, over a year after this court had entered its April 16, 1999 "Order Denying §2255 Motion" (ECF No. 220). In his "Motion For Recall Of Judgment," Defendant alleged that while the court had addressed the ineffective assistance of counsel ground for relief asserted in his §2255 motion (Ground One in ECF No. 218), it had not addressed the other three grounds for relief asserted therein, including the failure to hold a sufficient hearing regarding allegations that Joanne Blair had not been administered the oath prior to her testimony (Ground Four).[1] In denying the "Motion For Recall Of Judgment," this court observed:

> In his "Motion For Recall Of Judgment," defendant contends this court, in its order denying §2255 motion, failed to address all of the grounds for review presented in the §2255 motion. While the court finds no basis for defendant's contention, it also notes that this contention was not raised in defendant's motion for reconsideration or request for certificate of appealability directed to this court. Furthermore, if this contention was not raised in the request for certificate of appealability directed to the circuit, it certainly should have been.

(September 18, 2000 "Order Denying Motions," ECF No. 240 at p. 2).

The court found no basis for Defendant's contention because in his §2255 motion, he alleged his appellate counsel was ineffective for raising certain issues on direct appeal to the Ninth Circuit, including the alleged failure to swear Ms. Blair as a witness. (ECF No. 219 at pp. 56-57).[2] The court rejected that as a basis for

---

[1] In his current 60(b)(4) motion, Defendant acknowledges that Grounds Two and Three of his §2255 motion (failure to recuse and failure to hold an evidentiary hearing regarding excessive security) were addressed in the court's analysis of ineffective assistance of counsel alleged as Ground One.

[2] This was one of fifteen allegations of ineffective assistance of counsel, labeled as subpart "o."

**ORDER DENYING FED.
R. CIV. P. 60(b)(4) MOTION-      2**

ineffective assistance, noting the Ninth Circuit expressly ruled in an appeal filed by one of the co-defendants (Edwin Dale McClain) that there was no basis in the record for the contention that Blair gave unsworn testimony. (ECF No. 220 at pp. 41-42, citing *United States of America v. McClain*, 168 F.3d 503, 1999 WL 68622 at *3). In sum, Ground Four of Defendant's §2255 motion was, like Grounds Two and Three, effectively considered within the context of his ineffective assistance contentions set forth as part of Ground One of his motion.

Furthermore, the alleged failure to consider all of the grounds for relief asserted in his §2255 motion was not brought up by the Defendant in his motion for reconsideration of the "Order Denying §2255 Motion" (ECF No. 221), denied by the court in a May 10, 1999 order (ECF No. 228). Nor was it brought up in his "Motion And Request For A Certificate Of Appealability" (ECF No. 230), denied in a May 24, 1999 order (ECF No. 231).

In sum, in the specific context of §2255 proceedings, this court has already dealt with the issue of alleged failure to address all of the grounds for relief asserted in Defendant's initial §2255 motion. It need not and will not address that issue again. Moreover, the issue of whether Ms. Blair was placed under oath was the subject of much debate during and after Defendant's trial.. It was the subject of a motion for new trial by co-defendant McClain (ECF No. 144 at p. 9), and it was addressed again at sentencing following a motion by Defendant's counsel (ECF Nos. 170 and 171). The court denied these motions for reasons elaborated in its March 24, 1997 order (ECF No. 156 at pp. 10-11), and during the April 24, 1997 sentencing hearing (ECF No. 208 at pp. 44-57). The issue of whether Ms. Blair was placed under oath was not presented by Defendant to the Ninth Circuit on appeal, *U.S. v. Montgomery*, 150 F.3d 983 (9th Cir. 1998), but as noted above, it was addressed by the circuit on an appeal by co-defendant McClain.

Defendant's "Motion Pursuant To Federal Rules Of Civil Procedure, Rule 60(b)(4), To Reopen Petition Under 28 U.S.C. §2255" (ECF No. 310) is **DENIED**.

**ORDER DENYING FED. R. CIV. P. 60(b)(4) MOTION**-        **3**

1     **IT IS SO ORDERED**.  The District Executive shall forward a copy of this
2 order to the Defendant.
3     **DATED** this ___1st___ day of May, 2013.

5                     *s/Lonny R. Suko*

7                  LONNY R. SUKO
                United States District Judge

**ORDER DENYING FED.
R. CIV. P. 60(b)(4) MOTION-            4**