FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:96-CR-02042-LRS-1 |
| Plaintiff, | |
| vs. | ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE |
| BERNARD VINCENT MONTGOMERY, | |
| Defendant. | |

BEFORE THE COURT is Defendant's construed Motion for Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 341, from Bernard Montgomery. The Government was represented by Assistant U.S. Attorney Benjamin Seal. After the motion was filed *pro se*, attorney Colin Prince was appointed to represent Mr. Montgomery. This matter was heard on August 10, 2020 without oral argument. The Court, having reviewed the record, the parties' briefing, and the relevant authorities, is fully informed. For the reasons discussed below, Defendant's Motion for Compassionate Release, ECF No. 341, is GRANTED.

ORDER - 1

# BACKGROUND

On July 29, 1996, a jury found Defendant guilty of charges related to the manufacture, distribution, and importation of methamphetamine. ECF No. 143. On April 28, 1997, Defendant was sentenced to life in prison based on two prior felony convictions, as required by statute at the time of sentencing. ECF No. 180.

Defendant filed an undated compassionate release request with the Bureau of Prisons. ECF No. 341 at 2-5. Defendant is now 82 years old and suffers from type 2 diabetes, cataracts, hypertension, and bowel problems. ECF No. 341 at 1-2. In addition to his serious medical conditions, Defendant has served 24 years of a life sentence. Defendant seeks a reduction in sentence based on his medical condition and personal circumstances. ECF No. 341. Defendant indicates that if released, he will have a place to live with his brother in New Mexico and that he will have access to financial support and medical treatment. ECF No. 341 at 4, 6.

The Government argues that Defendant has not exhausted administrative remedies and that Defendant has not provided legally sufficient reasons warranting a sentence reduction. ECF No. 345.

# DISCUSSION

**A.    Eligibility for Compassionate Release**

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)

ORDER - 2

or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

Attached to Defendant's motion is a copy of a petition to the warden of FCI Beaumont requesting compassionate release, although his petition is undated. ECF No. 93 at 2. The Government asserts that the Bureau of Prisons has no record of such a request in its database and that the undated petition attached to Defendant's motion is insufficient to establish that Defendant exhausted his remedies. ECF No. 345 at 2, 5-10. On reply, Defendant submitted a certified mail receipt showing that on June 28, 2019, the warden of FCI Beaumont received mail from the Defendant. The Court finds that, under the circumstances, this is sufficient to establish that Defendant petitioned the Bureau of Prisons and that more than 30 days have passed. Thus, the motion for compassionate release is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to

ORDER - 3

a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

Defendant is not eligible for compassionate release under subsection (2) of 18 U.S.C. § 3582(c)(1)(A) because although he is over 70 years old, he has not served 30 years in prison for his current sentence. Thus, the question before the Court is whether extraordinary and compelling reasons exist to grant Defendant's request for compassionate release.

**B.      Extraordinary and Compelling Reasons**

Defendant contends that "extraordinary and compelling reasons" justify a sentence reduction. ECF No. 341, 350. The First Step Act did not define "extraordinary and compelling reasons" warranting a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing

ORDER - 4

Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment, whichever is less; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or

registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Here, Defendant moves for compassionate release on the grounds that his age, diabetes, and other physical ailments combined with the risk of contracting COVID-19 constitute "extraordinary and compelling reasons" for a sentence reduction. ECF No. 341, 350 at 47-56. Defendant is 82 years old and his medical records indicate he suffers from type 2 diabetes, hypertension, cataracts, damage to his teeth, benign hyperplasia of the prostate, dementia without behavioral disturbance, and possible colon issues. ECF Nos. 341, 350-1. Defendant indicates he has difficulty managing his blood sugars which affects his sleep, appetite, and balance. ECF No. 341 at 2. He walks with a shuffle, leans, and frequently feels off-balance, causing him to fall. ECF No. 341 at 2. He worked for 22 years for the Federal Prison Industries but stopped working due to shakiness and falling down. ECF No. 341 at 2. He states he has difficulty controlling his bowels and cataracts make his vision blurry. ECF No. 341 at 2. He takes numerous medications, including medication for type 2 diabetes and high blood pressure. ECF No. 341 at 3.

The Government argues only that Defendant does not qualify for compassionate release under subsection (1) of the Sentencing Commission policy

statement, noting that Defendant does not have a terminal illness or a medical condition that substantially diminishes his ability to provide self-care in the environment of a correctional facility. ECF No. 345 at 11-12. Even assuming for the sake of argument that the Government is correct (and it is arguable that Defendant's ability to provide self-care for his conditions is substantially diminished, *see* ECF No. 350 at 55-56), the Government does not address the application of subsections (2) or (4) of the sentence reduction policy guidelines. ECF No. 345.

The Court concludes that Defendant's advanced age and deteriorating medical condition, and the fact that he has been imprisoned for 24 years, constitute extraordinary and compelling reasons for compassionate release under subsection (2) of the sentence reduction policy guidelines. Even if his age and medical condition were not sufficiently extraordinary or compelling, the risk associated with contracting COVID-19 while in prison in combination with his age and medical condition support a reduction in sentence under subsection (4). According to the CDC, Defendant's advanced age and type 2 diabetes cause him to be at increased risk of severe illness from COVID-19, and hypertension may increase risk, as well. Centers for Disease Control and Prevention, *People at Increased Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited August 13, 2020). As observed in Defendant's

ORDER - 7

reply brief, numerous courts have recognized that the risk of significant complications from diabetes and exposure to COVID-19 can be a basis for compassionate release. ECF No. 350 at 54. Thus, the Court finds extraordinary and compelling reasons exist which justify compassionate release.

**C.     18 U.S.C. § 3553 Factors and Danger to Community**

Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The Court has reviewed all the factors to be considered in imposing a sentence, 18 U.S.C. § 3553(a), and does not find any one factor or combination of factors precludes compassionate release. Although the Defendant's offense was serious and he had prior criminal history, it is noted that sentencing laws have changed and a defendant with the same history facing sentencing for the same conviction today would face a mandatory minimum of 25 years, not life imprisonment. Defendant has served 24 years in prison which is significant time and is just punishment. His disciplinary report shows no infractions during this term of imprisonment. ECF No. 350-1. Mr. Montgomery has an impressive 22-year work history while in prison and has taken classes to better himself. ECF No.

ORDER - 8

341 at 2; ECF No. 350 at 30. Further incarceration is not necessary for deterrence nor is it necessary to protect the public. Thus, the § 3553(a) sentencing factors favor resentencing Mr. Montgomery to time served.

Furthermore, Defendant does not now present a risk of danger to the any person or the community as articulated in 18 U.S.C. § 3142(g). Defendant's advanced age and medical condition have alleviated any risk Defendant previously posed to the community.

**CONCLUSION**

The Court finds that Mr. Montgomery qualifies for compassionate release because his advanced age, physical ailments, and the current COVID-19 pandemic constitute "extraordinary and compelling reasons" warranting a sentence reduction, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). Further, the Court finds that a time-served sentence is "sufficient but no greater than necessary" to comply with the purposes set forth by Congress and the Sentencing Commission, and that Mr. Montgomery is not a danger to any person or the community.

Accordingly,

1. Defendant's construed Motion for Compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. 341**, is **GRANTED.**

2. The Court will enter an AMENDED Judgment imposing a sentence of "time served." Additionally, Defendant is ordered to self-quarantine for a minimum of 14 days upon arrival at his residence.

3. Upon release, Defendant shall reside with his brother in Tijeras, New Mexico. With consideration for Defendant's medical condition and necessary medical treatment (including medication and prescriptions), the United States Bureau of Prisons shall promptly arrange for the release of the Defendant from custody and provide him with transportation to his residence in Tijeras, New Mexico, according to 18 U.S.C. § 3624(d). If Defendant needs an attendant for travel purposes, the Bureau of Prisons shall communicate with Defendant's family so proper arrangements may be made.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and furnish copies to counsel, the United States Marshal Service, and the Probation Office.

**DATED** August 24, 2020.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 10